IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TANYA NICOLE SAUERMILCH PEREZ,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF IOWA, PATTAWATAMIE COUNTY SHERIFF, POLICE DEPT, EMT 911 AMBULANCE, and HIGHWAY PATROL HIPPA,<br><br>　　　　　　Defendants. | 8:20CV422<br><br>**MEMORANDUM AND ORDER** |

　　　　Plaintiff, a non-prisoner, filed her Complaint (Filing 1) on October 14, 2020, and subsequently was granted leave to proceed in forma pauperis. The court conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and, in a Memorandum and Order entered on October 22, 2020, determined Plaintiff had failed to state a claim upon which relief may be granted. However, the court on its own motion gave Plaintiff leave to amend. Plaintiff timely filed an Amended Complaint (Filing 7) on October 26, 2020, which will now be reviewed pursuant to § 1915(e)(2).[1] Also before the court a motion for victim assistance and appointment

---

[1] The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the

of counsel (Filing 9), a motion to amend damages (Filing 10), and a motion for miscellaneous relief (Filing 11),[2] which were filed on November 17 and 18, 2020.

In her original Complaint, which the court liberally construed as asserting one or more civil rights claims under 42 U.S.C. § 1983, Plaintiff sought to recover $25 million in damages for alleged "imprisonment, cruelty, inhuman treatment, badering, denied reporting crimes, teroistic acts, abuse, intimidation, teroistic threats, treason, false imprisonment, intrapment." (Filing 1 at 4 (unedited).) Because Plaintiff did not allege any facts to support these claims—such as describing how, when, and where she was injured, and by whom—it could not reasonably be inferred that Plaintiff's rights under the United States Constitution or federal statutes were violated by any defendant. In Plaintiff's Amended Complaint, she asks for $55 million in damages, but only alleges: "When to Iowa to try Reprort Civil Rights violations and Human trafficking fears and I ended up at pounca casino I" (Filing 7 at 4 (unedited).) In a supplemental filing on November 20, 2020 (Filing 13), Plaintiff indicates she filed a police report and has license plate numbers of witnesses, but no facts are provided.

Plaintiff has not corrected the pleading defects that were noted by the court in its previous Memorandum and Order.[3] Because the court has already given Plaintiff

---

Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

[2] Although Filing 11 was docketed as a "Motion to Amend Damages," it only references Filing 10, in which Plaintiff asks the court to "throw out my first dollar amount for punitive damages" and replace it with a figure of $150 million. Filing 11 does not seek any additional relief with respect to the present case.

[3] In a Memorandum and Order entered on the same date in Case No. 8:20CV416, the court also explained that a State cannot be sued for damages under § 1983, and that police departments and other municipal departments or agencies are not suable entities. The court further explained that in order to hold a county or city

leave to amend, with specific instructions which she has ignored, this action will be dismissed as frivolous. No further leave to amend will be granted because it is apparent that any amendment would be futile. Plaintiff's motions will be denied without prejudice, as moot.

    IT IS THEREFORE ORDERED:

1. This action is dismissed without prejudice, as frivolous.

2. Judgment shall be entered by separate document.

3. Plaintiff's motion for victim assistance and appointment of counsel (Filing 9) is denied without prejudice, as moot.

4. Plaintiff's motion to amend damages (Filing 10) is denied without prejudice, as moot.

5. Plaintiff's motion for miscellaneous relief (Filing 11) is denied without prejudice, as moot.

    Dated this 4th day of January, 2021.

                                  BY THE COURT:

                                  *Richard G. Kopf*

                                  Richard G. Kopf
                                  Senior United States District Judge

---

liable, it must be shown that a municipal policy or custom, or a failure to train and supervise municipal employees, caused the alleged violation. None of the defendants named in the present case are proper defendants, nor is there any claimed basis for imposing municipal liability.